UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS A. VAZQUEZ-DIAZ,

                          Plaintiff,

                  -against-

BORREIRO; LANCE; LUCHESE; SGT
PENDERGAST: JOHN PERONE JUDGE;
JANE DOE WHITE FEMALE PROSECUTOR;
ROBERT JOHNSON, DISTRICT ATTORNEY;
JURORS; JURY,

                          Defendants.

1:22-CV-8708 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Luis A. Vazquez-Diaz, who is a civilly committed detainee in the custody of the

Federal Bureau of Prisons ("BOP"), and who is currently held in the Federal Medical Center in

Springfield, Missouri ("FMC Springfield"),[1] filed this *pro se* action asserting violations of his

federal constitutional rights, specifically asserting claims under 42 U.S.C. § 1985(3). He sues:

(1) New York City Police Department ("NYPD") Police Officer Borreiro; (2) NYPD Police

Officer Lance; (3) NYPD Police Officer Luchese; (4) NYPD Police Sergeant Pendergast;

(5) former Bronx County New York Supreme Court Justice John Perone; (6) "Jane Doe White

Female Prosecutor"; (7) former Bronx County District Attorney Robert Johnson; (8) "Jurors";

and (9) "Jury." Plaintiff seeks damages, as well as what appears be his release from civil

commitment.

---

[1] In a decision dated August 1, 2022, the United States Court of Appeals for the Second
Circuit held that, because Plaintiff "is a civilly committed detainee who is not detained pursuant
to a criminal conviction or pending criminal charges, he is not a 'prisoner' subject to the three-
strikes rule of 28 U.S.C. § 1915(g)." *Vazquez-Diaz v. John Doe, Warden of MCC/NY*, No. 21-
2331 (2d Cir. Aug. 1, 2022).

The Court construes Plaintiff's complaint as asserting claims for damages and injunctive relief under 42 U.S.C. §§ 1983 and 1985(3), as well as claims for *habeas corpus* relief under 28 U.S.C. § 2241.

By order dated November 3, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses this action as frivolous, but without prejudice.

## BACKGROUND

**A.    Plaintiff's relevant litigation history**

1.    *Vazquez  v. Jane Doe – Black Female – Foreman*, 1:07-CV-3020 (S.D.N.Y.) ("*Vazquez I*")

On January 18, 2007, the court received from Plaintiff, who was then incarcerated and proceeding under the name "Luis A. Vazquez," the complaint commencing *Vazquez I*. In that action, Plaintiff asserted claims under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, as well as under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), against jurors who convicted him on or about March 20, 1997, in a criminal proceeding presided over by former Justice Perone, in the New York Supreme Court, Bronx County, and against former District Attorney Johnson, Officer Borreiro, and others. By order dated April 16, 2007, District Judge Kimba M. Wood of this court dismissed *Vazquez I*; Judge Wood dismissed Plaintiff's claims against the jurors under the doctrine of juror immunity, and his claims under Sections 1981, 1985(3), and 1986, as well as his claims under RICO, for failure to state a claim on which relief may be granted. *Vazquez I*, 1:07-CV-3020 (S.D.N.Y. Apr. 16, 2007). Plaintiff did not appeal the dismissal of *Vazquez I*.

2

: Case 1:22-cv-08708-LTS   Document 8   Filed 12/05/22   Page 3 of 10

2.  *Vazquez v. Pendergast*, 1:07-CV-5505 (S.D.N.Y.) ("*Vazquez II*") and *Vazquez v. Walker*, 1:07-CV-5506 ("*Vazquez III*") (S.D.N.Y.)

On September 20, 2006, the court received from Plaintiff, who was incarcerated and proceeding under the name "Luis A. Vazquez," the complaint commencing *Vazquez II*. In that action, Plaintiff asserted claims under Section 1983 against, among others, Sergeant Prendergast and Officer Borreiro. On September 28, 2006, the court received from Plaintiff, also under the name "Luis A. Vazquez," the complaint commencing *Vazquez III*. In that action, Plaintiff asserted claims under Section 1983 against, among others, former District Attorney Johnson and former Justice Perone. Plaintiff's claims in both of those actions arose from his arrests on October 26, 1995, and on November 7, 1995, and his subsequent incarceration. By order dated June 11, 2007, Judge Wood consolidated *Vazquez II* and *Vazquez III*, and dismissed those actions; Judge Wood dismissed Plaintiff's claims of false arrest under Section 1983 for failure to state a claim on which relief may be granted as untimely. *Vazquez II*, 1:07-CV-5505 (S.D.N.Y. June 11, 2007); *Vazquez III*, 1:22-CV-5506 (S.D.N.Y. June 11, 2007). Plaintiff did not appeal the dismissal of *Vazquez II* or *Vazquez III*.

3.  *Vazquez-Diaz v. United States*, 7:21-CV-6757 (S.D.N.Y.) ("*Vazquez IV*")

On August 5, 2021, the court received from Plaintiff, who was, by then, held in FMC Springfield and proceeding under the name "Luis A. Vazquez-Diaz," a motion to vacate, set aside, or correct a federal sentence under 28 U.S.C. § 2255, which commenced *Vazquez IV*. District Judge Vincent L. Briccetti of this court construed Plaintiff's Section 2255 motion as a petition for a writ of *habeas corpus* brought under Section 2241. *Vazquez IV*, ECF 7:21-CV-6757, 7 (S.D.N.Y. Sept. 16, 2021). By order dated September 23, 2021, Judge Briccetti denied Plaintiff's request for immediate permanent injunctive relief against what appeared to be Officers Borreiro, Lance, and Luchese, Sergeant Pendergast, and "other officers unnamed of the 42nd

[P]recint of Bronx County." *Vazquez IV*, ECF 7:21-CV-6757, 15 (S.D.N.Y. Sept. 23, 2021). On

March 21, 2022, Judge Briccetti ruled that Plaintiff was principally challenging, under Section

2241, his civil commitment in FMC Springfield, which had been ordered by the United States

District Court for the Western District of Missouri in February 2009; and that court's

determination, on August 24, 2021, to revoke its February 2021, conditional release of Plaintiff

from civil commitment at FMC Springfield to a Residential Reentry Center in the Bronx, New

York. *Vazquez IV*, ECF 7:21-CV-6757, 35 (S.D.N.Y. Mar. 21, 2022). Judge Briccetti granted the

Government's motion to dismiss *Vazquez IV* for lack of jurisdiction to consider Plaintiff's

Section 2241 petition; Judge Briccetti declined to transfer *Vazquez IV* to the court that had

jurisdiction to consider the petition, the Western District of Missouri, because Plaintiff had

"recently litigated the matter [in that court, and] . . . because "[n]o purpose would be served by

transferring the petition to [that court] under these circumstances."[2] *Id.* Plaintiff appealed. On

May 11, 2022, the United States Court of Appeals for the Second Circuit dismissed the appeal

effective June 1, 2022. *Vazquez-Diaz v. United States*, No. 22-790 (2d Cir. May 11, 2022).

**B.    The present complaint**

On October 11, 2022, the Court received the present complaint, which commenced this

action.[3] In the present complaint, Plaintiff asserts that his federal constitutional rights have been

violated, and he specifically raises claims under 42 U.S.C. § 1985(3). He alleges that on October

26, 1995, and again on November 7, 1995, at the intersection of 165th Street and Third Avenue,

in the Bronx, New York, he "was arrested and charged with . . . sale of crack cocaine by the

---

[2] Judge Briccetti noted that Plaintiff was free to litigate the matter in the Western District of Missouri "again by filing a motion for discharge pursuant to 18 U.S.C. § 4247(h)." *Vazquez IV*, 7:21-CV-6757, 35.

[3] On November 14, 2022, the Court received a letter from Plaintiff (ECF 6), which the Court construes as a supplement to the complaint.

officers mentioned in this complaint." (ECF 2, at 4.) He also alleges that it was a "conspiracy

from the beginning." (*Id.*) He further alleges that, in August 2000, "the Court of Appeals granted

[him] release, but now [he is] under a conspiratory civil commitment. [He] contends that [there]

is a conspiracy to keep him in prison and murder him." (*Id.*)

Plaintiff appears to assert claims under Section 1983 and Section 1985 arising from:

(1) his 1995 arrests in the Bronx by Officers Borreiro, Lance, Luchese, and Sergeant Pendergast;

(2) his subsequent prosecution by the Office of the Bronx County District Attorney, then held by

Robert Johnson; (3) his conviction after a guilty verdict issued by a jury in a criminal proceeding

presided over by former Justice Perone, of the New York Supreme Court, Bronx County; and

(4) his current civil commitment in FMC Springfield. He also appears to seek *habeas corpus*

relief under Section 2241 in the form of his release from his current civil commitment in FMC

Springfield.

## DISCUSSION

Under Rule 17 of the Federal Rules of Civil Procedure, "[t]he court must appoint a

guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person

who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A court may not determine on its

merits the claim of an incompetent person who is not properly represented." *James v. New York*,

415 F. App'x 295, 296 (2d Cir. 2011) (summary order) (citing *Berrios v. N.Y.C. Hous. Auth.*, 564

F.3d 130, 134 (2d Cir. 2009)); *see also Galanova v. Portnoy*, 432 F. Supp. 3d 433, 442 (S.D.N.Y.

2020) ("In cases in which the plaintiff is incapacitated, and therefore unable to proceed *pro se*,

and is unrepresented, the district court must not reach the merits of a claim filed on behalf of an

incompetent person who is not properly represented by a suitable guardian and through

counsel.") (internal quotation marks and citation omitted). If a plaintiff has been adjudicated

incompetent by the time of he brings suit, and if it is "clear that no substantial claim could be

asserted on behalf of [him, a court] may dismiss [his] complaint, but without prejudice." *Berrios*, 564 F.3d at 135.

Because Plaintiff is civilly committed due to incompetency, he is entitled to the protections of Rule 17(c), and the Court may not reach the merits of his claims in the present action unless he is represented by a suitable guardian *ad litem* and by counsel. Federal courts are relieved of their duty to exercise jurisdiction over constitutional questions raised by any civil action, however, when the claim asserted is deemed "so attenuated and unsubstantial as to be absolutely devoid of merit, . . . obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Anderson v. Bowen*, 881 F.2d 1, 5 n.10 (2d Cir.1989) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (internal quotation marks omitted). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

The Court, after reviewing Plaintiff's present complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Plaintiff attempts to assert claims in the present action that he raised in the previous actions discussed above; the claims that were adjudicated in the previous actions, or could have been raised in those actions, arise from: (1) his 1995 arrests in the Bronx by Officers Borreiro, Lance, Luchese, and Sergeant Pendergast; (2) his subsequent prosecution by the Office of the Bronx County District Attorney, then held by Robert Johnson;

(3) his conviction after a guilty verdict issued by a jury in a criminal proceeding presided over by former Justice Perone, in the New York Supreme Court, Bronx County; (4) and his current civil commitment in FMC Springfield.

Plaintiff is already aware, from the court's dismissal of *Vazquez II*, and *Vazquez III*, which he did not appeal, that any claims of false arrest under Section 1983 arising from his 1995 arrests are untimely. *See Vazquez II*, 1:07-CV-5505 (S.D.N.Y. June 11, 2007); *Vazquez III*, 1:22-CV-5506 (S.D.N.Y. June 11, 2007). He is also already aware, from the court's dismissal of *Vazquez I*, which he did not appeal, that jurors are immune from suit for damages arising from their jury service, and that his claims arising from his arrests, prosecution, and conviction in the Bronx lack merit. *See Vazquez I*, 1:07-CV-3020 (S.D.N.Y. Apr. 16, 2007). He is further aware, from the court's dismissal of *Vazquez IV*, which he unsuccessfully appealed, that this court lacks jurisdiction to consider any claims for *habeas corpus* relief under Section 2241 arising from his current civil commitment in FMC Springfield. *See Vazquez IV*, ECF 7:21-CV-6757, 35 (S.D.N.Y. Mar. 21, 2022), *appeal dismissed*, No. 22-790 (2d Cir. May 11, 2022).

In addition, notwithstanding the court's dismissals of Plaintiff's previous actions, former Justice Perone is immune from suit, under the doctrine of judicial immunity, for any of his actions or rulings while presiding over Plaintiff's criminal proceeding in the New York Supreme Court, Bronx County. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (Section 1983); *Deem v. DiMella-Deem*, 941 F.3d 618, 620-21 (2d Cir. 2019) (affirming district court's application of judicial immunity to claims under both Section 1983 and Section 1985); *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Thus, even if Plaintiff's claims in this action

against former Justice Perone were not addressed by the court's dismissals of Plaintiff's previous actions in this court, the doctrine of judicial immunity still precludes Plaintiff's claims against former Justice Perone,[4] *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, Plaintiff's claims against former Justice Perone are frivolous, *see* § 1915(e)(2)(B)(i); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute).

Furthermore, nothwithstanding the court's dismissal of Plaintiff's previous actions, former Bronx County District Attorney Johnson and "John Doe – White Female Prosecutor" are immune from suit for damages, under the doctrine of prosecutorial immunity, as to any claims arising from their actions in deciding whether to prosecute Plaintiff, and in actually prosecuting him, in the New York Supreme Court, Bronx County. *See Simon v. City of New York*, 727 F.3d 167, 171-72 (2d Cir. 2013) (prosecutorial immunity in the Section 1983 context); *Giraldo v. Kessler*, 694 F.3d 161, 165-66 (2d Cir. 2012) (same, quoting, *inter alia*, *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (internal quotation marks omitted))); *Halpern v. City of New Haven*, 489 F. Supp. 841, 844 (D. Conn. 1980) (applying prosecutorial immunity to claims under Section 1985). Thus, even if Plaintiff's claims in this action against these defendants were not addressed by the court in his previous actions, Plaintiff's claims against these defendants are precluded by the doctrine of prosecutorial immunity, *see* § 1915(e)(2)(B)(iii), and consequently, are frivolous,

---

[4] Plaintiff cannot properly seek injunctive relief against former Justice Perone under Section 1983 because that statute permits injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable. Declaratory relief was available to Plaintiff as to his state-court criminal proceeding in that he could have appealed former Justice Perone's actions and decisions to the New York Supreme Court, Appellate Division, First Department, and to the New York Court of Appeals. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

*see* § 1915(e)(B)(i); *see also Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute).

The Court concludes that appointment of a guardian *ad litem* or counsel is not warranted because Plaintiff cannot pursue any substantial claims arising from the events described in the complaint. *See Berrios*, 564 F.3d at 134-35. The Court dismisses this action as frivolous and not on the merits. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal of an IFP complaint on the ground of frivolousness is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute). While Plaintiff's claims are deemed frivolous,  the Court dismisses them without prejudice because Plaintiff has been adjudicated incompetent. *See Berrios*, 564 F.3d at 135.

## CONCLUSION

The Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i), but without prejudice. Because no substantial claim is asserted in the complaint, the Court declines to appoint a guardian *ad litem* or counsel to represent Plaintiff in this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Because the complaint makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court directs the Clerk of Court to issue a judgment for this action.

SO ORDERED.

Dated:   December 5, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge